IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
AT ANN ARBOR

**ANN PRESTON HANNA**
    AND
JOHN JAY SHERMAN HANNA, JR.
110 BIRCHWOOD DR.
HARBOR SPRINGS, MI 49740

    PLAINTIFFS

- VS. -

MERCEDES-BENZ USA, LLC
C/O THE CORPORATION COMPANY
40600 ANN ARBOR RD. E., STE. 201
PLYMOUTH, MI 48170

    DEFENDANT

CASE NO.

COMPLAINT AND JURY DEMAND

---

**PRELIMINARY STATEMENT**

1. This case is about a defective 2022 Thor Tranquility MHB recreational vehicle ("RV") with a chassis that was built and warranted by Mercedes Benz USA, LLC. The RV shuts off while driving on the highway, and is unsafe and unfit for recreational use and transportation, despite 4 repair opportunities over a period of 191 days in the repair shop.

2. This case involves claims asserted under the Michigan or Florida Uniform Commercial Code, and the Magnuson Moss Warranty Act.

3. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between

1

citizens of different states, invoking 28 USC 1332.

4. The vehicle which is the subject of this dispute was built and warranty by Thor Motor Coach and Mercedes Benz USA, LLC, in whole or in part, and manufactured in its final form in Indiana; was acquired by Plaintiffs in Florida and was defective when acquired; ineffective repair attempts were made upon the subject vehicle by Defendant's authorized representative dealerships in Michigan; Mercedes Benz USA, LLC controlled the speed and processing of warranty repairs and/or parts distribution from its factory in Georgia while the actual repairs were being done by its agents in Michigan; the place where the relationship of the parties arose is Florida because the warranty obligations of Defendant were received by Plaintiffs with the purchase of the subject RV in Florida; Defendant advertised the RV to Plaintiffs in Michigan, and Defendant directly interacted with Plaintiffs in Michigan.

## IDENTIFICATION OF PARTIES

5. Ann Preston Hanna and John Jay Sherman Hanna, Jr. are natural persons domiciled and residing in Michigan and are consumers and buyers within the meaning of applicable laws.

6. Defendant Mercedes-Benz USA, LLC ("Mercedes") is a Delaware limited liability company authorized to do business and doing business in Michigan, Florida, and elsewhere. Defendant is a manufacturer and warrantor of the RV's chassis, and a merchant and a supplier, and has its principal place of business and domicile in and is a citizen and resident of Georgia.

7. The RV at issue in this case was manufactured as a complete vehicle in Indiana, for distribution in Florida, and elsewhere, using a chassis and its related parts which was manufactured and warranted in by Defendant Mercedes.

8. The Plaintiffs acquired the subject RV from La Mesa RV Center, Inc. ("La Mesa"), in Sanford, Florida. At all times relevant, La Mesa was a supplier, merchant and an authorized representative and agent of Mercedes for the sale and servicing of Mercedes RVs in Florida. At all times relevant, La Mesa was authorized by Mercedes to act for it as its authorized agent and representative in Florida in all respects related to the sale of the vehicle involved in this case.

9. The RV was presented to Hoekstra Equipment in Grand Rapids, Michigan for repairs under the Mercedes warranty. At all times relevant, Hoekstra Equipment was a supplier, merchant and an authorized representative and agent of Mercedes for servicing of Thor and/or Mercedes products in Michigan. At all times relevant, Hoekstra Equipment was authorized by Mercedes to act for it as its authorized agent and representative in Michigan in all respects related to the attempted performance of warranty repair and service work upon the subject new RV.

10. The RV was presented to Mercedes-Benz of Novi in Novi, Michigan for repairs under the Mercedes warranty. At all times relevant, Mercedes-Benz of Novi was a supplier, merchant and an authorized representative and agent of Mercedes in Michigan for servicing of Mercedes products in Michigan. At all times relevant, Mercedes-Benz of Novi was authorized by Mercedes Benz to act for it as its authorized agent and representative in Michigan in all respects related to the

3

attempted performance of warranty repair and service work upon the subject new RV.

## FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT

11. This case involves a defective 2022 Thor Tranquility MHB recreational vehicle that Defendant warranted and contracted to warrant but was not fit for recreational use or travel, and/or which it was not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranties and/or contracts Defendant breached.

12. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

13. This claim is for breach of express and implied warranty and/or contract by Defendant Mercedes, under Michigan or Florida law.

14. As a result of the above, and the allegations below, inter alia, Defendant breached its warranty and/or contract to the injury of Plaintiffs.

15. At all times relevant, La Mesa RV Center, Inc. was a supplier and merchant and an authorized representative and agent of Defendant Mercedes. La Mesa RV Center, Inc. was authorized by Defendant Mercedes to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle, and any pre-sale inspections. Plaintiffs acquired the subject RV from La Mesa RV Center, Inc.

16. At all times relevant, Hoekstra Equipment was a supplier and merchant and an authorized representative and agent of Defendant Mercedes. Hoekstra

      Equipment was authorized by Defendant Mercedes to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. Repair attempts upon the subject RV were made by Hoekstra Equipment.

17. At all times relevant, Mercedes-Benz of Novi was a supplier and merchant and an authorized representative and agent of Defendant Mercedes. Mercedes-Benz of Novi was authorized by Defendant Mercedes to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. Repair attempts upon the subject RV were made by Mercedes-Benz of Novi.

18. On or about April 20, 2022 the parties entered into a consumer transaction, in that Plaintiffs agreed to acquire from La Mesa RV Center, Inc., La Mesa RV Center, Inc. agreed to sell to Plaintiffs, under the terms of a finance agreement with Bank of the West, and Defendant contracted and/or agreed to warrant the vehicle to be for recreational use and travel, free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2022 Thor Tranquility MHB recreational vehicle believed to bear VIN # W1X4EBVY8MT081041, and whose total cost including financing and down payment was about $231,965.00.

19. Plaintiffs acquired the vehicle in reliance on the existence of a written warranty and/or contract from Defendant and on advertising representations and/or warranties of Defendant.

20. The purpose of Defendant's warranty was (a) to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose, and (b) to give Plaintiffs confidence in the reliability and quality of

5

the RV, and (c) to give Plaintiffs confidence in Defendant's representations about the subject vehicle and the vehicles Defendant designed and built, and (d) to give Plaintiffs confidence in Defendant itself as a responsible company that lived up to its representations, its word, and its warranties.

21. After acquiring the vehicle, Plaintiffs discovered that it did not conform to the representations of Defendant inasmuch as it developed continuing malfunctions, defects and problems, and was not fit for recreational use or travel.

22. The defects in the RV, which were substantial and existed in the materials and workmanship caused by Thor and/or Mercedes, included, but are not limited to: Vehicle Won't Accelerate on Highway and Dies While Driving, Check Engine Warning Light Illuminates, Lane Assist Inoperative, Brake Assist Inoperative, Dash Warning Lights Illuminate on Curves and Hard Braking, Recall 2022120008 (Update Park / Lock), Recall 2022120009 (Park Pawl Function), among other things.

23. Defendant was notified of defects and non-conformities in the vehicle and the authorized repair facility's failed repair attempts repeatedly prior to filing this case.

24. In all respects, Plaintiffs substantially if not completely performed their obligations under the RV's warranties from Mercedes and Mercedes did not perform its obligations, as set forth herein above and below.

25. Because of the contract and/or warranty-covered defects, Plaintiffs notified Defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the motor coach into the possession of Defendant

and/or one of its authorized servicing dealers at their cost and/or expense beginning shortly after the sale.

26. In September of 2022, the RV died while Plaintiffs were driving it on the interstate in traffic, and the check engine warning light illuminated.

27. Plaintiffs reached out to Mercedes for help regarding the vehicle dying while driving and the check engine light illuminating, and were told to take the RV to Hoekstra Equipment in Grand Rapids, Michigan.

28. Thereafter, Plaintiffs presented the RV to Hoekstra Equipment, a Mercedes authorized repair shop, on or about October 24, 2022, for repair of the following defects under the Mercedes warranty:

- Check Engine Warning Light Illuminates,
- Lane Assist Inoperative,
- Brake Assist Inoperative.

The RV was at Hoekstra Equipment for warranty repairs for about 5 days, until October 28, 2022.

29. After picking the RV up on October 28, 2022, Plaintiffs drove the RV to Cincinnati and then to Columbus. Between the two cities, the RV stalled and died while driving on two occasions.

30. On October 29, 2022, Plaintiffs attempted to take the RV on a trip. However, a trip that should have taken them 8 hours took them 11 hours, because they were constantly having to restart the RV when it died over and over again on the interstate. Once they were finally able to limp the RV home, they had it towed to Mercedes-Benz of Novi for repairs.

31. On or about October 31, 2022, the RV was towed from Plaintiffs' residence in

Harbor Springs, Michigan to Mercedes-Benz of Novi, a Mercedes authorized dealership for repair of the following defects under the Mercedes warranty:

- Vehicle Won't Accelerate on Highway and Dies While Driving,
- Dash Warning Lights Illuminate on Curves and Hard Braking,
- Recall 2022120008 (Update Park / Lock), and
- Recall 2022120009 (Park Pawl Function).

Although this was the closest Mercedes-Benz dealership, Defendant charged Plaintiffs a 4 mile tow overage due to the distance of the tow required for repairs. The RV was at Mercedes-Benz of Novi for warranty repairs for about 9 days, until November 8, 2022.

32. On or about November 8, 2022, after Plaintiffs picked up their RV from Mercedes Benz of Novi, the RV stalled and died again on the highway about 40 minutes down the road and in rush hour traffic. Plaintiffs turned right back around, and presented the RV to Mercedes-Benz of Novi, a Mercedes authorized dealership, for repair of the following defects under the Mercedes warranty for another 3 days:

- Vehicle Won't Accelerate on Highway and Dies While Driving.

33. On or about November 10, 2022, less than an hour after Plaintiffs had picked the RV up from repairs, it shut off and stalled again on the highway.

34. On or about November 13, 2022, the RV was towed to Mercedes-Benz of Novi, a Mercedes authorized dealership for repair of the following defects under the Mercedes warranty:

- Vehicle Won't Accelerate on Highway and Dies While Driving,
- Dash Warning Lights Illuminate on Curves and Hard Braking,
- Recall 2022120008 (Update Park / Lock), and
- Recall 2022120009 (Park Pawl Function).

8

The RV was at Mercedes-Benz of Novi for warranty repairs for about 174 days, until May 5, 2023.

35. On or about January 17, 2023, while the RV was at Mercedes-Benz of Novi for repairs, Plaintiffs reached out to Mercedes to discuss their RV's ongoing defects and made a formal request for restitution with Mercedes. On or about March 1, 2023, Mercedes denied Plaintiffs' request for restitution, informing Plaintiffs that their RV did not qualify for a repurchase or replacement under the Florida Lemon Law.

36. On or about May 5, 2023, when the Plaintiffs drove the RV almost 4 hours from their home to the dealership to pick up the RV from Mercedes-Benz of Novi, they discovered that the RV had a water leak that had been leaking in the RV during the almost 6 months that the RV had been sitting at Mercedes-Benz Novi for warranty repairs.

37. Plaintiffs had numerous telephone calls with Mercedes and its dealers and/or other entities for help with the RV and during most if not all of these, Plaintiffs were in Michigan. In addition to the above phone calls, a series of written emails occurred between the parties, with Plaintiffs sending and receiving emails while in Michigan for most if not all of them.

38. After being in the repair shop at least 4 separate times and being out of service a total of about 191 days or more in the first year and accumulating about 9 defects since its acquisition, Plaintiffs notified Defendant Mercedes that they wanted their money back, but the Defendant would not do that.

39. In spite of Defendant's obligations, when Plaintiffs complained of the inability of

Defendant and its authorized warranty-repair facilities to repair the vehicle, Defendant did not repair or replace or repurchase the subject vehicle.

40. Prior to filing this case, including on June 7, 2023 and one or more other dates, Plaintiffs provided notice to Defendant about its failures to live up to its warranty and/or contract.

41. Instead of performing as represented, Defendant did not repair all defects in the vehicle once and for all time. In short, the defects were not repaired, Plaintiffs lost all confidence in the reliability and quality of the RV, and Plaintiffs lost all confidence in Mercedes as a company.

42. As a result Defendant breached its express and/or implied warranties and/or contract.

43. As a result, Defendant's warranty and/or contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

44. In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

45. Through its advertising and otherwise, Defendant represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiffs acquired the vehicle in reliance upon the belief that Defendant possessed a high degree of manufacturing

skill and judgment.

46. Through its advertising and otherwise, Defendant represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiffs relied on such, but the vehicle involved in this case was not, however, of merchantable quality.

47. The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiffs.

48. Defendant's failure to timely fix all of the vehicle's defects has caused Plaintiffs to lose confidence in the reliability of the subject motor vehicle and in the ability of Defendant to repair the vehicle's defects.

49. Plaintiffs provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

50. As a result of the above facts, Defendant breached its warranties and/or contract and/or representations with respect to the vehicle.

51. One or more of the defects and malfunctions in the vehicle were covered under the terms of Defendant's warranties and/or contract, and Defendant failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle.

52. Defendant and/or one or more of its authorized dealers had notices of the breaches of the warranty and/or contract and the defective condition of the

subject RV within a reasonable time.

53. Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant's authorized representatives to repair or replace the vehicle or refund its price.

## SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

54. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

55. This claim is for breach of express and/or implied warranties and/or contract of warranties and/or Defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

56. As a result of the above, among other things, Defendant has breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations.

57. As a result of the above, among other things, Defendant breached its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and the applicable Code of Federal Regulations.

58. As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

**WHEREFORE**, judgment is demanded against Defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

## PRAYER FOR RELIEF

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $75,000 and in such amount as may be proven at trial;

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $75,000 and in such amount as may be proven at trial;

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiffs to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all claims and issues.

Respectfully submitted,

/s/ Elizabeth Ahern Wells_____
ELIZABETH AHERN WELLS
Attorney for Plaintiffs
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone: 937.432.9500
Fax: 937.432.9503
Email: Beth@BurdgeLaw.com


Y:\data\Hanna, Jr. Ann and Sherman\Core Pleadings\Core Complaint 091923 bw.wpd