UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANN PRESTON HANNA et al.,<br>Plaintiffs,<br><br>v.<br><br>MERCEDES BENZ USA, LLC,<br>Defendant. | Case No. 23-12395<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS (ECF NO. 22)**

Last year, the parties settled the crux of this case but agreed that the Court would determine the amount to be awarded to plaintiffs for attorney fees and costs under the Magnuson Moss Warranty Act (the "MMWA"), 15 U.S.C. § 2310(d). The parties agreed that plaintiffs were the prevailing party as to all claims and were thus entitled to recover reasonable attorney fees and costs under the MMWA. Plaintiffs now move to recover $28,524.90 in attorney fees and $1,816.23 in litigation costs for a total of $30,341.13. ECF No. 22.

Defendant does not challenge the hourly rates charged by plaintiffs' counsel and its staff. ECF No. 30, PageID.312. Likewise, defendant does not contest the amount plaintiffs seek for costs. Instead, defendant argues

Page **1** of **8**

that plaintiffs have not satisfied their burden to establish the reasonableness of the hours they devoted to the case, and that they are not entitled to recover for work performed by a business and settlement manager. *Id*.

## I. Hours Worked

"The key requirement for an award of attorney fees is that [t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United States ex rel. Lefan v. Gen. Elec. Co.*, 397 F. App'x 144, 148–49 (6th Cir. 2010) (internal quotation marks omitted). Although attorneys need not describe in fine "detail how each minute of time was expended, they should identify the general subject matter of their billing entries." *Mich. Immig. Rights Ctr. v. Dep't of Homeland Sec.*, 2021 WL 855468, at *10 (E.D. Mich. Mar. 8, 2021) (citing *Lefan*, 397 F. App'x at 149). Additionally, courts determining whether hours were reasonably expended must "state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why."

*Rembert v. A Plus Home Health Care Agency, Inc.*, 986 F.3d 613, 617 (6th Cir. 2021).

Defendant does not attack the sufficiency of detail in the billing records supplied by plaintiffs. Instead, it more generally assails the reasonableness of how the legal or factual issues of this case warrant nearly $30,000 of attorney fees, noting that the case settled for a fraction of that amount. Defendant complains that 94 hours of time for which plaintiffs seek reimbursement cannot be reasonable given the procedural posture of the case. As defendant details, however, the parties exchanged initial disclosures as well as interrogatories, requests for admission, and requests for production. Plaintiffs issued subpoenas for documents from third parties. The parties exchanged multiple settlement demands and offers and participated in a mediation before ultimately reaching a settlement.[1]

In assessing billing entries, "[t]he question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief achieved."

---

[1] Defendant does not mention that plaintiffs' counsel also conducted prelitigation investigation, issued a pre-suit demand, drafted, filed and served the complaint, and responded to an order to show cause. *See* ECF No. 22-5.

*Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990), abrogated on other grounds by *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Resources*, 532 U.S. 598 (2001). Rather, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Id*.

The Court finds nothing unreasonable in the hours plaintiffs' counsel expended on prosecuting this case. That the case settled fairly early in the proceedings could not and should not have been presumed by counsel in the opening chapter of the litigation. Indeed, if a case does not settle, plaintiffs' counsel must ready it to withstand a dispositive motion and, ultimately, for trial. Additionally, courts refuse to reduce attorney fees awards based on speculation. *Cf. Fisher v. Comm'r of Soc. Sec.*, 2015 WL 4944385, at *2 (E.D. Mich. Aug. 19, 2015) (finding requested fees reasonable because there was no support, other than speculation, that the work by plaintiff's counsel took an unreasonable amount of time). Here, defendant's condemnation of the time expended by plaintiffs' counsel amounts to nothing more than speculation that the case could have been

prepared in less time.[2] The Court will not base a reduction of attorney fees off such conjecture. *See United States ex rel. Trakhter v. Provider Services, Inc.*, 2019 WL 2422422, at *5 (S.D. Ohio June 10, 2019).

Nor is the Court persuaded to reduce the amount of plaintiffs' attorney fees based on its relationship to the total settlement amount. As noted by the Michigan Court of Appeals:

> In consumer protection as [MMWA], the monetary value of the case is typically low. If courts focus only on the dollar value and the result of the case when awarding attorney fees, the remedial purposes of the statutes in question will be thwarted. Simply put, if attorney fee awards in these cases do not provide a reasonable return, it will be economically impossible for attorneys to represent their clients. Thus, practically speaking, the door to the courtroom will be closed to all but those with either potentially substantial damages, or those with sufficient economic resources to afford the litigation expenses involved. Such a situation would indeed be ironic: it is but precisely those with ordinary consumer complaints and those who cannot afford their attorney fees for whom these remedial acts are intended. By our holding, we do not mean to suggest that a court must, in a consumer protection case, award the full amount of a plaintiff's requested fees. Rather, we hold that after considering all of the usual factors, a court must also consider the special circumstances presented in this type of case.

---

[2] Defendant specified that the attorney time devoted to the pre-suit "cure letter" should be excluded because it related to lemon law claims that were not a part of this suit. The Court agrees with plaintiffs that these fees need not be excluded. The lemon law claims were supported by the same facts at issue here, and the letter was plaintiffs' pre-suit attempt for a global resolution to the disputes over their recreational vehicle. Additionally, plaintiffs excluded fees related only to the arbitration of those other claims.

*Jordan v. Transnat'l Motors, Inc.*, 537 N.W.2d 471, 474 (Mich. Ct. App. 1995). Indeed, fee-shifting provisions like those in the MMWA are essential to legal redress in consumer protection cases in which the monetary value of the case is often meager. *Kennedy v. Robert Lee Auto Sales*, 882 N.W.2d 563, 576 (Mich. Ct. App. 2015). To support its argument to reduce plaintiffs' attorney fees, defendant argues that the attorney fees must be proportional to the party's recovery. But as noted in the authority defendant cites, proportionality is strictly a mathematical determination. *See Dowling v. Litton Loan Serv. LP*, 320 F. App'x 442, 449 (6th Cir. 2009). Notably, in *Dowling*, the Sixth Circuit affirmed the district court's refusal to downwardly adjust the $49,560 attorney fee award as disproportionally large compared to the plaintiff's $25,000 recovery. *Id*. This Court likewise finds that plaintiffs' requested award requires no downward adjustment for proportionality concerns.

## II.  Settlement Manager Fees

The Court is also not persuaded to eliminate the fees generated by plaintiffs' counsel's settlement manager. Contrary to defendant's argument that she provided only non-billable clerical work, the Court's review of the settlement manager's billing entries reflect that she billed for her work

conveying demands and relaying offers. Absent her efforts, attorneys or other paralegals would have been tasked with that assignment. That paralegal fees are recoverable as attorney fees has long been established. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Provided the paralegal activity is considered legal work, the fees for those activities may be recovered at paralegal market rates. *See Renouf v. Aegis Relocation Co. Corp.*, 641 F. Supp. 3d 439, 451 (N.D. Ohio 2022). Because settlement negotiations are inarguably considered legal work, plaintiffs are entitled to recover the settlement manager's billings as part of their fee.

### III. Concurrence

Finally, defendant urges the Court to disallow all fees and costs because plaintiffs violated the local rules by not seeking concurrence and this Court's practice guidelines by not including a table of authorities in their brief in support of their motion. *Id*. The Court declines to impose such a severe penalty but does find that plaintiffs' counsel could have reduced the fees incurred in bringing this motion if she had adhered to the local rule requiring parties to seek concurrence prior to filing a motion. *See* E.D. Mich. LR 7.1(a). That the parties had agreed that a motion for fees would follow their settlement did not excuse the concurrence requirement under

the local rule. The local rule provides "for an interactive process aimed at reaching agreement on the matter *or those aspects of the matter* that can be resolved without court intervention." E.D. Mich. LR 7.1(a)(1) (emphasis added). Here, plaintiffs would have been able to eliminate the argument and evidence related to rates, a significant portion of the brief, and presumably the work it required. Accordingly, the Court will partially grant plaintiffs' motion, reducing only the portion of the attorney fee attributed to the bringing of this motion.

Accordingly, the Court **GRANTS IN PART** plaintiffs' motion for fees and costs. The Court awards plaintiffs **$21,329.40** for attorney fees through the settlement, **$4,653.50**[3] for attorney fees associated with this motion, and **$1,816.23** for costs, for a total of **$27,799.13**.

**IT IS SO ORDERED.**

Dated: September 30, 2025

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

---

[3] The Court reduced plaintiffs' counsel's 17.5 hours for the motion to 11.35 hours, eliminating 1.1 hours for the drafting of the brief, 3.1 hours related to affidavit preparation and revision, and 2 hours related to counsel's CV update. *See* ECF No. 22-5, PageID.171-72.